IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM FIRE AND CASUALTY : CIVIL ACTION
COMPANY, : NO. 18-2016
        Plaintiff, :
    v. :
       :
JACOB HARMON AND KAREN HARMON :
        Defendants. :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                         October 11, 2018

## I. Background

This is a diversity action for declaratory judgment. Plaintiff seeks a determination of its rights and obligations to Defendants under an insurance policy issued to Defendants.

According to Plaintiff, it has tried unsuccessfully to locate and effect service of process upon Defendants.

Plaintiff has moved for alternative service of process pursuant to Pennsylvania Rule of Civil Procedure 430. The alternative service that Plaintiff seeks is leave to serve the complaint and summons by personally serving William E. Averona, Esq. Mr. Averona is Defendant Jacob Harmon's attorney in the underlying state court action.

For the reasons that follow, the Court denies Plaintiff's motion without prejudice.

## II. Legal Standard

Constitutional due process requires that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be effected pursuant to the law of the state in which the district court sits, or in which service is

1

made. Fed. R. Civ. P. 4(e)(1). As this case is before the Eastern District of Pennsylvania, Pennsylvania Rules of Civil Procedure apply. Pennsylvania Rule of Civil Procedure 430(a) allows a plaintiff to move for alternative service if service cannot be made under the applicable rules. Pa. R. Civ. P. 430(a).

A plaintiff seeking alternative service of process under Pennsylvania Rule of Civil Procedure 430 must demonstrate that is has taken the following three steps: "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve the defendant under the circumstances; and (3) its proposed alternative method of service is reasonably calculated to provide the defendant with notice of the proceedings against him." Deutsche Bank Nat. Trust Co. v. Marjer, Inc., No. 14-2422, 2014 WL 5410203, at *3 (E.D. Pa. Oct. 24, 2014); see also Calabro v. Leiner, 464 F. Supp. 2d 470, 470-71 (E.D. Pa. 2006). At issue here is the first step—a good faith effort to locate Defendants. As Plaintiff has not shown a good faith effort to locate Defendants, Plaintiff's motion will be denied.[1]

A good faith effort to locate the defendant requires more than a "mere paper search." Deer Park Lumber, Inc. v. Major, 559 A.2d 941, 946 (Pa. Super. Ct. 1989). Such an effort might include inquiries of postal authorities, relatives, friends, neighbors, and employers of defendant as well as examinations of voter registration records, local tax records, and motor vehicle records and reasonable internet searches. Pa. R. Civ. P. 430(a), note.

### III. Discussion

In this case, the affidavits of the private investigator reveal that various "paper searches" were made such as searches of voter registration records, tax records, and motor vehicle records. Affidavits, Ex. E, ECF No. 4-5. The private investigator also made general internet and social media searches and traveled to certain reported addresses for Defendants. Id. But there is no indication that Plaintiff or the private investigator identified and interviewed any relatives,

---

[1] Plaintiff may file a new motion for alternative service demonstrating a good faith effort to locate Defendants and request an extension of time to serve Defendants.

neighbors, friends, or employers of Defendants. Moreover, despite identifying Mr. Averona, Defendant Jacob Harmon's attorney in the underlying action, there is no indication that Plaintiff attempted to contact Mr. Averona.

This Court previously found a lack of a good faith effort to serve the defendant where, among other reasons, the plaintiff identified the defendant's attorney and active cases in which the defendant was a party but did not contact any of the parties or their attorneys. See Deutsche Bank Nat. Trust Co., 2014 WL 5410203, at *4.

Similarly, the Pennsylvania Superior Court recently concluded that the plaintiff did not engage in "a good faith attempt to provide [the defendant] actual notice" where the plaintiff knew who the attorney representing the defendant was is the underlying action and did not "reach out" to the attorney. Century Surety Co. v. Essington Auto Center, LLC, et al., 140 A.3d 46, 54 (Pa. Super. Ct. 2016). There, the Court discussed that although the plaintiff claimed that it had "conducted a thorough search for the whereabouts of [the defendant][,] [t]hat statement cannot be true where it also acknowledges that it did not reach out to [the attorney]." Id. (internal citations omitted).

Here, as in Deutsche Bank and Century Surety Co., Plaintiff did not reach out to Mr. Averona, Defendant Jacob Harmon's attorney in the underlying action. Although the Court recognizes that ultimately an attorney may decline to provide information about his client's whereabouts or accept service on his client's behalf, this fact does not excuse Plaintiff's failure to attempt to contact an individual known to have possible information about Defendants' whereabouts.

Given Plaintiff's failure to reach out to individuals who might have some knowledge of Defendants' whereabouts, including Mr. Averona, the Court denies Plaintiff's Motion for Alternative Service without prejudice.

**IV. Conclusion**

For the reasons set forth above, the motion will be denied without prejudice. An appropriate order follows.

3